UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TOM WOOLFORD,

    Plaintiff,

v.                                              Case No. 2:05-cv-213
                                                    CONSENT CASE

BAY PINES CENTER,

    Defendant.

_____/

## OPINION

Plaintiff Tom Woolford filed this cause of action against defendant Bay Pines Center asserting that he was terminated from employment due to age discrimination. Bay Pines Center is a treatment center for adjudicated youth. Bay Pines Center is operated by the Department of Human Services. Plaintiff alleges that resident to staff ratio at Bay Pines is one staff member for 10 patients. When plaintiff was employed at Bay Pines, he states that he was responsible for 15 patients. Plaintiff allegedly was replaced by two younger staff employees. Plaintiff has asserted that defendant violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623 *et seq.*, when his employment was terminated.

Defendant moves to dismiss this action under the Eleventh Amendment. A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the pleading, requiring the court to determine whether the plaintiff would be entitled to relief if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle [the plaintiff] to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

The court must construe the complaint in the light most favorable to plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). A judge may not dismiss the complaint simply because he disbelieves the complaint's factual allegations. *Conley*, 355 U.S. at 47.

Generally, a complaint need only give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Delorean Motor Co. v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (*quoting Conley*, 355. U.S. at 47). The fundamental purpose of pleadings under the Federal Rules of Civil Procedure is to give adequate notice to the parties of each side's claims and to allow cases to be decided on the merits after an adequate development of the facts. *Mayer*, 988 F.2d at 638. While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Delorean*, 991 F.2d at 1240. "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (internal quote omitted).

The Eleventh Amendment states:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The United States Supreme Court has consistently held "that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 73 (2000). It is absolutely clear, that the Eleventh Amendment bars suit against the State or one of its agencies in federal court unless the state has given express consent, regardless of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), overruled in part on other grounds; *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (State and Board of Corrections); *Alden v. Maine*, 527 U.S. 706 (1999). The State of Michigan has not consented to civil rights suits

in the federal courts. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). It is undisputed that defendant Bay Pines Center is operated by the Department of Human Services which is an agency of the State of Michigan.

Defendant cannot be sued under the Eleventh Amendment unless the state of Michigan has consented to suits brought under the ADEA. *Kimel*, 528 U.S. 62. The Supreme Court in *Kimel*, in rejecting the claim that States were bound by the ADEA, stated:

> Our decision today does not signal the end of the line for employees who find themselves subject to age discrimination at the hands of their state employers. We hold only that, in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals. State employees are protected by state age discrimination statutes, and may recover money damages from their state employers, in almost every State of the Union. Those avenues of relief remain available today, just as they were before this decision.

This Court clearly lacks subject matter jurisdiction over this action. Accordingly, defendant's motion to dismiss will be granted and this case will be dismissed.

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   September 6, 2006